UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KIARA HOBBS,

      Defendant.

Case No. 15-cr-20457-2
Hon. Matthew F. Leitman

_____/

## ORDER TO CLARIFY

Defendant Kiara Hobbs is currently incarcerated at FCI Hazelton. She is serving a sentence of 85 months imprisonment – 1 month for Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a)(2), and 84 months for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(2). (*See* Judgment, ECF No. 184, PageID.2120–2121.)

Hobbs has submitted two letters to the Court. (*See* ECF Nos. 200 & 201.) The letters were sent on August 4, 2020. Due to delays in processing *pro se* mail, however, Hobbs' letters were not filed on the Court's docket until August 27, 2020. The letters are difficult to read as currently uploaded to the Court's docket, but they appear to request compassionate release under 18 U.S.C. § 3581(c)(1)(A).

Under Section 3582(c)(1)(A), a defendant may not file a motion for compassionate release until "after the defendant has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The exhaustion requirement in Section 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020).

Hobbs has not given the Court enough information to determine whether she has satisfied this exhaustion requirement. Therefore, the Court **DIRECTS** Hobbs to file a supplement to her letters that informs the Court whether she has submitted a written request for compassionate release to the warden at FCI Hazelton. If Hobbs has submitted a written request for compassionate release to the warden, then Hobbs shall also inform the Court of the date on which she submitted the request, whether the warden responded to the request, and the date of the warden's response (if any).

If either (1) Hobbs has not submitted a request for compassionate release to the warden, or (2) Hobbs has submitted such a request but 30 days have not lapsed since the warden received her request, then the Court will dismiss her current filings (ECF Nos. 200 & 201) without prejudice. In that event, Hobbs would be permitted to file a motion seeking compassionate release (or the appointment of an attorney to review such a motion) upon exhausting her remedies.

Additionally, Hobbs has not given the Court enough information to determine whether she is otherwise qualified for compassionate release. Accordingly, the Court **DIRECTS** Hobbs to use her supplement to also inform the Court why she believes she qualifies for compassionate release.

**IT IS SO ORDERED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 27, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764

3